# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ZEN CAPITAL, ET AL. | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-13-780 |
| | * | |
| LUND TRADING, LLC | * | |
| | ****** | |

## MEMORANDUM

Respondent has filed a motion to vacate default judgment. The motion has been fully briefed. It will be denied for the following reasons.

1. The motion is untimely. It was not filed until one year after the entry of the default judgment. Moreover, it was filed ten months after it is unquestionable that Respondent had knowledge of the entry of the judgment. During those ten months Respondent actively defended against garnishment proceedings instituted by Petitioners. Under these circumstances the motion was not "made within a reasonable time" as required by Rule 60(c)(1). To the contrary, it is evident that Respondent has engaged in dilatory tactics designed to avoid payment of the arbitration award entered against it.

2. Respondent does not have a meritorious defense. The Novo Settlement Agreement upon which Respondent relies was entered into before the arbitration award was made. Yet Respondent did not raise the release as a defense in the arbitration proceeding. Moreover, Respondent did not raise the release it as a defense when litigating the garnishment proceedings in this case. Indeed, it is clear that reliance upon the release was a defense thought up by Respondent's present lawyer after the fact. In its motion Respondent's lawyer states: "In reviewing the claims advanced by Petitioner in that State Court fraudulent conveyance suit, the

undersigned counsel first discovered the existence and importance of the below-described Settlement Agreement that it supports the meritorious defense herein." Under these circumstances Respondent clearly did not believe that it was a party of the Settlement Agreement. Likewise, obviously, by virtue of the actions that it has taken in this litigation, Petitioners did not consider Respondent to be a party of the Agreement.

   3. The judgment entered against Respondent is not "void." Respondent was properly served through the Maryland State Department of Assessments and Taxation. To the extent that service was difficult, it was because Respondent was avoiding service.

   4. An alleged release entered into prior to the termination of the arbitration proceedings does not provide a basis for setting aside the arbitration award. If Respondent believed that Petitioner had released its claims against it, it should have raised the release as a defense in the arbitration proceeding.

   5. Petitioners would be highly prejudiced by vacation of the default judgment. The judgment was entered long ago, and in the interim Petitioners have expended substantial sums in attorneys' fees attempting to collect upon it.[1]

     A separate order will be issued.

Date:   August 12, 2014        ___/s/_____
                                        J. Frederick Motz
                                        United States District Judge

---

[1] Petitioner requests an award against Respondent for the attorneys' fees expended by Petitioners in defending against the motion to vacate default judgment. Although Petitioner's position certainly is not frivolous, in light of the dominance of the American rule against the award of attorneys' fees absent a statute to the contrary, Petitioner's request will be denied.